**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4685**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

IDANA ASHA WILLIAMS, a/k/a Donna,

Defendant - Appellant.

**No. 05-4758**

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

IDANA ASHA WILLIAMS, a/k/a Donna,

Defendant - Appellee.

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (CR-04-104)

Submitted: August 21, 2006          Decided: October 25, 2006

Before SHEDD and DUNCAN, Circuit Judges, and Richard L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

William P. Robinson, Jr., Trevor J. Robinson, ASSOCIATED LAW OFFICE OF ROBINSON, NEELEY & ANDERSON, Norfolk, Virginia, for Appellant/Cross-Appellee. Paul J. McNulty, United States Attorney, Laura M. Everhart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee/Cross-Appellant.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Idana Asha Williams was convicted of conspiracy to distribute and to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. A probation officer prepared a presentence report, calculating Williams' total offense level to be 30 and her criminal history category to be I. Although these calculations established an advisory sentencing guideline range of 97-121 months, the district court varied downward and sentenced Williams to a 180-day term of imprisonment.[*] Williams now appeals her conviction, arguing that the district court erred by granting the government's motion in limine and excluding evidence concerning assaultive behavior committed against her by her live-in boyfriend, Andre Butler, who was a drug dealer. The government appeals the sentence, arguing that it is unreasonable. For the following reasons, we affirm the conviction, vacate the sentence, and remand for resentencing.

I

Williams does not contest the sufficiency of the trial evidence, which tended to establish the following. On February 12, 2004, law enforcement officers investigating drug activity in Virginia Beach, Virginia, searched the trash at the residence of

---

[*]Williams' sentencing occurred after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005).

Andre Butler, who they suspected was a drug dealer. The officers later determined that the residence was rented to Williams. Among other things, the officers found a small amount of cocaine in the trash.

Later that evening, law enforcement officers executed a search warrant at the residence. Upon their entry, the officers found Williams alone inside, and they observed in plain view on a kitchen counter cocaine, scales, and cutting agents for cocaine. The search ultimately yielded cocaine, crack cocaine, drug paraphernalia, four firearms, and $5,646 in United States currency.

As the search progressed, Detective James Baker advised Williams of her rights, and she agreed to speak with him. During this interrogation, Williams stated that she had been living in the residence for approximately two years, that Butler also lived there, and that he paid the rent. Williams further stated that Butler had been dealing cocaine from the time she began dating him in 2001, that he kept cocaine in the residence, that she had seen him convert cocaine into crack cocaine numerous times, that she had driven him to some of his drug deals, and that she had advised him not to deal drugs with certain people. Additionally, Williams also stated that she had seen the guns inside the residence and had moved them occasionally while cleaning.

Although Williams does not contest the sufficiency of this evidence, she did deny at trial making these statements. Williams

4

also testified that she was unaware of Butler's drug trafficking activities until a few hours before the execution of the search warrant when Butler arrived at the townhouse and left drugs and paraphernalia there. Williams further testified that Butler was under a court order to have no contact with her and was in the process of moving out.

II

Williams' sole claim on appeal is that the district court erred by excluding evidence concerning Butler's alleged assaultive behavior toward her. This evidence appears primarily to consist of Williams' testimony about an alleged assault by Butler and a photograph of a hole in a wall of Williams' residence which corroborates that assault. Williams does not contend that this evidence establishes duress. Rather, as she explains in her brief: the district court's ruling "unduly and inappropriately burdened [her] ability to support her claim that there was no agreement between herself and Andre Butler to engage in a drug conspiracy. A person is not likely to engage in criminal conduct with a person of whom she is afraid." Brief of Appellant/Cross Appellee, at 7.

"Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion." United States v. Lancaster, 96 F.3d 734, 744 (4th Cir. 1996) (en banc).

5

Because Williams disavowed a claim of duress, it is questionable whether her proffered evidence is relevant. Regardless, based on our review of the record, we find that the district court did not abuse its discretion by excluding this evidence. Accordingly, we affirm the conviction.

III

The government argues in its cross appeal that Williams' sentence is unreasonable. We agree.

In the wake of Booker, we have explained that a district court must, when sentencing a criminal defendant, (1) properly calculate the sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the guideline range better serves the relevant sentencing purposes set forth in § 3553(a). United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a sentence for unreasonableness, and we will find a sentence to be unreasonable if it is "based on an error in construing or applying the Guidelines," or if it "imposed outside the Guideline range and the district court provides an inadequate statement of

6

reasons or relies on improper factors in departing from the Guidelines' recommendation." Green, 436 F.3d at 456-57. Finally, "when the variance is a substantial one . . . we must more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

As noted, the district court varied from the guideline range of 97-121 months and sentenced Williams to six months. In fashioning this sentence, the district court stated a number of reasons which it felt justified such an extreme variance from the guideline range. Among these reasons is the district court's view concerning the 100:1 guideline ratio between crack cocaine and powder cocaine. Specifically, the district court stated:

> [T]he guideline calculation, to the extent that any cocaine is involved, contains a disparity between crack and powder that is unacceptable, and the sentencing commission has commented on how that disparity pushes up the guideline range for any offense involving crack cocaine.

J.A. 463-64.

After the district court sentenced Williams, we held in United States v. Eura, 440 F.3d 625 (4th Cir. 2006), petition for cert. filed (No. 05-11659), that a district court is not authorized to consider the sentencing disparity between crack cocaine and cocaine powder in sentencing a defendant. Based on Eura, we hold that the

7

district court erred in sentencing Williams.  We therefore vacate the sentence and remand for resentencing.  In light of the extreme variance made by the district court in its original sentence, we instruct the district court on remand to resentence Williams in accord with our post-Booker precedent, and we again note that the "farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be."  Moreland, 437 F.3d at 434.

IV

Based on the foregoing, we affirm Williams' conviction, vacate her sentence, and remand this case for resentencing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED